

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWIN MILLER,<br>as Executor of the Estate of Loretta Doyle,<br>11 University Mews<br>Philadelphia, PA 19104,<br>Plaintiff,<br>v.<br><br>McCABE, WEISBERG & CONWAY, P.C.,<br>123 South Broad Street, Suite 1400<br>Philadelphia, PA 19109,<br>and<br>REVERSE MORTGAGE SOLUTIONS, INC.,<br>14405 Walters Road, Suite 200<br>Houston, TX 77014,<br>Defendants. | Civil Action No.: 17 3063<br><br>**CIVIL ACTION COMPLAINT**<br>**&**<br>**DEMAND FOR JURY TRIAL** |

## I. PRELIMINARY STATEMENT

1. Plaintiff brings this action for illegal acts and omissions of the above-named defendants, who used false, deceptive, and misleading representations in conjunction with an attempt to collect an alleged debt by, inter alia, foreclosing on a mortgage and, thereby, violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p (FDCPA), and the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. §§ 2270.1-2270.6 (FCEUA), and Unfair Trade Practices and Consumer Protection Law, 73 P.S. §§ 201-1 to 201-9.3 (UTPCPL). Plaintiff seeks actual damages, statutory damages, treble damages, costs, and attorney's fees.

## II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under FDCPA, 15 U.S.C. § 1692k(d); FCEUA, 73 P.S. § 2270.5(b); and 28 U.S.C. §§ 1331 (federal question) and 1367(a) (supplemental jurisdiction).

3. Venue is appropriate in this federal district, pursuant to 28 U.S.C. § 1391, because events and omissions giving rise to Plaintiff's claims occurred within this federal judicial district and because Defendants reside and/or regularly transact business within this federal judicial district.

## III. PARTIES

4. Plaintiff is an adult individual who resides at the address shown in the caption.

5. Defendant McCabe, Weisberg & Conway, P.C. ("MW&C"), is a professional corporation duly organized under the laws of the Commonwealth of Pennsylvania and maintains a principal place of business located at the address shown in the caption.

6. Defendant Reverse Mortgage Solutions, Inc. ("RMS"), is a corporation duly organized under the laws of the state of Delaware and maintains a place of business located at the address shown in the caption.

## IV. OPERATIVE FACTS

7. Plaintiff incorporates by reference the foregoing allegations as though more fully set forth herein.

8. On April 23, 2012, Loretta Doyle departed this life, and, on July 23, 2012, letters testamentary were granted to Plaintiff as executor of the estate of Loretta Doyle.

9. Said estate included, as an asset, the property identified as 319 West Rively Avenue, Clifton Heights, Pennsylvania 19018, which was occupied as the late residence of said decedent.

10. On July 12, 2016, MW&C, on behalf of RMS, filed against Plaintiff, in the Court of Common Pleas of Delaware County, Pennsylvania, an amended complaint in mortgage

foreclosure, a true and exact copy of which is attached hereto, incorporated herein, and marked as Exhibit "A."

11. Said foreclosure claim was based on a mortgage allegedly executed and delivered by said decedent, on October 21, 2011.

12. MW&C and RMS claimed that RMS was the successor in interest to said mortgage and, thus, the party entitled to foreclose.

13. RMS was not the successor in interest to said mortgage and not entitled to foreclose.

14. As a result of MW&C and RMS's actions described herein, Plaintiff sustained injuries including but not limited to costs and attorney's fees to defend said foreclosure action.

15. At some or all times relevant hereto, MW&C represented RMS with regard to said foreclosure action.

16. At all times relevant hereto, MW&C operated with RMS's full approval and authority and kept RMS fully informed of all its actions.

## V. CLAIMS FOR RELIEF

### COUNT I—VIOLATIONS OF FDCPA

18. Plaintiff incorporates by reference the foregoing allegations as though more fully set forth herein.

19. The debt that is the subject of this action was a debt within the meaning of FDCPA, 15 U.S.C. § 1692a(5), namely, an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which were the subject of the transaction were primarily for personal, family, or household purposes.

20. Said debt was in default at the time that it was obtained by MW&C and/or RMS.

21. MW&C and RMS, at times relevant hereto, was each a person who used an instrumentality of interstate commerce or the mails in a business the principal purpose of which was the collection of debts or who regularly collected or attempted to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. As such, each was a debt collector within the meaning of FDCPA, 15 U.S.C. § 1692a(6).

22. In the alternative, RMS, at times relevant hereto, was a person to whom a debt was alleged to be owed. Based on said definition, it was a creditor within the meaning of FDCPA, 15 U.S.C. § 1692a(4).

23. By their actions described above, MW&C and RMS used false, deceptive, and/or misleading representations and/or means in connection with the collection of a debt, in violation of FDCPA, 15 U.S.C. § 1692e; specifically, they, inter alia,

   (a) falsely represented the character and/or legal status of a debt, in violation of FDCPA, 15 U.S.C. § 1692e(2)(A),

   (b) represented and/or implied that nonpayment of a debt would result in the seizure, garnishment, attachment, or sale of property, when such action was unlawful, in violation of FDCPA, 15 U.S.C. § 1692e(4),

   (c) threatened to take an action that could not legally be taken, in violation of FDCPA, 15 U.S.C. § 1692e(5), and

   (d) used a false representation or deceptive means to attempt to collect a debt, in violation of FDCPA, 15 U.S.C. § 1692e(10).

## COUNT II—VIOLATIONS OF FCEUA

24. Plaintiff incorporates by reference the foregoing allegations as though more fully set forth herein.

25. The debt that is the subject of this action was a debt within the meaning of FCEUA, 73 P.S. § 2270.3, namely, an actual or alleged past due obligation, claim, demand, note or other similar liability of a consumer to pay money, arising out of a single account as a result of a purchase, lease or loan of goods, services or real or personal property for personal, family or household purposes or as a result of a loan of money or extension of credit which was obtained primarily for personal, family or household purposes.

26. RMS, at times relevant hereto, was a person not a creditor conducting business within the Commonwealth of Pennsylvania, acting on behalf of a creditor, engaging or aiding directly or indirectly in collecting a debt owed or alleged to be owed a creditor or assignee of a creditor. As such, it was a debt collector within the meaning of FCEUA, 73 P.S. § 2270.3.

27. In the alternative, RMS, at times relevant hereto, was a person to whom a debt was alleged to be owed. Based on said definition, it was a creditor within the meaning of FCEUA, 73 P.S. § 2270.3.

28. RMS violated FCEUA, 73 P.S. § 2270.4(a), because any violation of FDCPA by a debt collector, as set forth above, constitutes an unfair or deceptive debt collection act or practice under FCEUA.

29. By its actions described above, to the extent that it was a creditor, RMS violated FCEUA, 73 P.S. § 2270.4(b)(5), by using false, deceptive, and/or misleading representations and/or means in connection with the collection of a debt, § 2270.4(b)(5)(ii), by falsely representing the character, amount, and/or legal status of a debt, § 2270.4(b)(5)(iv), by representing and/or implying that nonpayment of a debt would result in the seizure, garnishment, attachment, or sale of property, when such action was unlawful, § 2270.4(b)(5)(v), by

threatening to take an action that could not legally be taken, and § 2270.4(b)(5)(x), by using a false representation or deceptive means to attempt to collect a debt.

30. Pursuant to FCEUA, 73 P.S. § 2270.5(a), if a debt collector or creditor engages in an unfair or deceptive debt collection act or practice under FCEUA, it shall constitute a violation of UTPCPL.

COUNT III—VIOLATIONS OF UTPCPL

31. Plaintiff incorporates by reference the foregoing allegations as though more fully set forth herein.

32. Said parties were persons within the meaning of UTPCPL, 73 P.S. § 201-2(2).

33. Said decedent purchased said goods or services primarily for personal, family, and/or household purposes.

34. Said transactions were trade and commerce within the meaning of UTPCPL, 73 P.S. § 201-2(3).

35. By their actions described above, MW&C and RMS caused likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services.

36. By their actions described above, MW&C and RMS caused likelihood of confusion or of misunderstanding as to affiliation, connection or association with, or certification by, another.

37. By their actions described above, MW&C and RMS represented that goods or services had sponsorship, approval, characteristics, ingredients, uses, benefits, or qualities that they did not have.

38. As described above, MW&C and RMS engaged in other fraudulent or deceptive conduct which would create a likelihood of confusion or of misunderstanding.

39. Said acts and practices were unfair or deceptive acts or practices within the meaning of UTPCPL, 73 P.S. § 201-2(4).

40. Pursuant to UTPCPL, 73 P.S. § 201-3, such methods, acts, and/or practices are unlawful.

41. MW&C and RMS each knew that its said representations were false and its said conduct was wrongful.

42. Plaintiff was justified in relying on MW&C and RMS's aforesaid representations with regard to, inter alia, the need to defend said foreclosure action, and the attorney's fees and other costs that he incurred to do so constitute an ascertainable loss.

## VI. PRAYER FOR RELIEF

43. WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in his favor and against MW&C and RMS, jointly and severally, unless otherwise stated, as follows:

(a) actual damages, including but not limited to costs and attorney's fees to defend said foreclosure action, pursuant to 15 U.S.C. § 1692k(a)(1) and 73 P.S. § 201-9.2(a);

(b) treble damages, pursuant to 73 P.S. § 201-9.2(a);

(c) statutory damages of $1,000.00 from each defendant, pursuant to 15 U.S.C. § 1692k(a)(2); and

(d) costs of this action, together with a reasonable attorney's fee, pursuant to 15 U.S.C. § 1692k(a)(3) and 73 P.S. § 201-9.2(a).

DATED: July 3, 2017

David E. Pearson (Pa. ID No. 090945)
6983 Weatham Street
Philadelphia, PA 19119
E-mail: DavidEP137@aol.com
Telephone: (215) 849-1750
Facsimile: (215) 849-1830
Attorney for Plaintiff

## VII. DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE THAT Plaintiff demands a trial by jury against Defendants, and each of them, for each cause of action so triable.

DATED: July 3, 2017

David E. Pearson (Pa. ID No. 090945)
6983 Weatham Street
Philadelphia, PA 19119
E-mail: DavidEP137@aol.com
Telephone: (215) 849-1750
Facsimile: (215) 849-1830
Attorney for Plaintiff

Exhibit "A"

*Choose only the one description which best reflects the principal type of case or relief sought from the list.*

**Case Description**

**APPEAL**

**Minor Court**
- Money Judgement ____
- Landlord and Tenant ____
- Code Enforcement ____
- Personal Injury ____
- Breach of Contract ____
- Other ______________ ____

**Local Agency**
- Civil Service ____
- Motor Vehicle ____
- Licenses and Inspections ____
- Liquor Control Board ____
- Tax Assessment Boards ____
- Zoning Board ____
- Other ______________ ____

**Proceedings Commenced by Petition**
- Appointment of Arbitrators ____
- Change of Name ____
- Compel Medical Examination ____
- Election Matters ____
- Eminent Domain ____
- Leave to Issue Subpoena ____
- Mental Health Proceedings ____
- Other ______________ ____

**ACTIONS COMMENCED BY WRIT OF SUMMONS OR COMPLAINT**
- Abuse of Process ____
- Action for Wrongful Death ____
- Class Action ____
- Confession of Judgement/Money ____
- Confession of Judgement/ Real Property ____
- Contract ____
- Construction ____
- Insurance/Bad Faith ____
- Negotiable Instruments ____
- Other ______________ ____

Intentional Tort
- Assault and Battery ____
- Libel and Slander ____
- Defamation ____

Employment/Wrongful Discharge ____
- False Imprisonment ____
- Fraud ____
- Malicious Prosecution ____

Negligence
- Motor Vehicle ____
- Real Property ____
- Premises Liability ____
- Product Liability ____
- Toxic Tort ____
- Asbestos ____
  - DES ____
  - Implant ____
  - Toxic Waste ____
  - Other ______________ ____

Professional Malpractice
- Dental ____
- Legal ____
- Medical ____
- Other ______________ ____

Equity
- Real Property ____
- Stockholders Derivative Action ____
- Waste Prevention ____
- Other ______________ ____

Declaratory Judgement ____

Ground Rent ____

Mandamus ____

Real Property
- Ejectment ____
- Quiet Title ____
- Mortgage Foreclosure X
- Mechanics Lien ____
- Partition ____
- Prevent Waste ____

Replevin ____

Saving Action Um/Uim ____

Quo Warranto ____

Other ______________ ____

Copying Prohibited

Exhibit A
[ COURT SEAL OR SHERIFF'S SEAL OR BOTH ]

Important Notice

Date of Service of this Notice:______________________________
(to be completed by the Sheriff's Deputy upon Service of Complaint)

Under a new Pilot Program sponsored by the Court of Common Pleas of Delaware County and the Sheriff of Delaware County, you may be eligible to get help with your Mortgage.

**Call the Save Your Home Hotline at 800-989-2227**

To be eligible for any stay, you must be the owner or an heir to a deceased owner of the property which is the subject of the Action of Mortgage Foreclosure and you must occupy the property which is the subject of this Action of Mortgage Foreclosure as your principal residence.

You will discuss your mortgage foreclosure with an independent and professional Housing Counselor who will work with you to review your finances and work with your lender to try and resolve the mortgage foreclosure action. The Housing Counselor is available to you AT NO CHARGE. Once you call this number, the Housing Counselor will contact the lender's attorney and the Court sanctioned thirty (30) day delay of the Action in Mortgage Foreclosure will go into effect, all you have do is call.

You can have the Action of Mortgage Foreclosure delayed for up to thirty (30) days so that you can participate in a conference with your Housing Counselor and submit a loan resolution proposal to the lender and their attorney.

## Call the Save Your Home Hotline at 800-989-2227

Make this call today to save your home. If you do not call within thirty (30) days from the day this notice has been served on you or a member of your household by the Sheriff, you may not be eligible for this program, but you may have other legal ways to delay the foreclosure action.

Copying Prohibited

**IF YOU DECIDE TO USE THE SERVICES OF THE HOUSING COUNSELOR MADE AVAILABLE BY THIS PROGRAM, YOU SHOULD NOTE THAT THE SOLE PURPOSE OF THIS PROGRAM IS TO PROVIDE INFORMATION AND ASSISTANCE IN YOUR DESIRE TO MAKE ARRANGEMENTS WITH YOUR LENDER FOR THE MUTUAL RESOLUTION OF YOUR INDEBTEDNESS. THIS IS A PUBLIC SERVICE PROGRAM AND IS NOT IN ANY WAY A PROGRAM TO PROVIDE YOU WITH LEGAL ADVICE OR LEGAL SERVICES OF ANY KIND. NEITHER THE HOUSING COUNSELOR NOR ANY PERSON OR ENTITY ASSOCIATED WITH THE PROGRAM IS PROVIDING OR WILL PROVIDE YOU WITH ANY INFORMATION OR ADVICE CONCERNING ANY LEGAL REMEDIES, LEGAL PROCEDURES, OBJECTIONS OR DEFENSES TO THE CLAIM AGAINST YOU. THE PROGRAM AND ANY PERSON OR ENTITY ASSOCIATED WITH IT DOES NOT AND WILL NOT PROVIDE YOU WITH ANY ATTORNEY OR LEGAL REPRESENTATION OF ANY KIND.**

Copy Prohibited

**McCABE, WEISBERG & CONWAY, P.C.**
BY: HEIDI R. SPIVAK, ESQUIRE - ID #74770
123 South Broad Street, Suite 1400
Philadelphia, Pennsylvania 19109
(215) 790-1010

Attorneys for Plaintiff

Reverse Mortgage Solutions, Inc.
14405 Walters Road, Ste 200
Houston, TX 77014

v.

Erwin Miller, Executor of the Estate of
Loretta Doyle
11 University Mews
Philadelphia, PA 19104

Delaware County
Court of Common Pleas

No. 13-7130

**AMENDED COMPLAINT IN MORTGAGE FORECLOSURE**

Copying Prohibited

**NOTICE**

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Lawyers Reference Service
Delaware County Bar Association
Front and Lemon Streets
Media, PA 19063
(610) 566-6625

**AVISO**

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas ex-puestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

USTED LE DEBE TOMAR ESTE PAPEL A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE A UN ABOGADO, VA A O TELEFONEA LA OFICINA EXPUSO ABAJO. ESTA OFICINA LO PUEDE PROPORCIONAR CON INFORMATION ACERCA DE EMPLEAR A UN ABOGADO.

SI USTED NO PUEDE PROPORCIONAR PARA EMPLEAR UN ABOGADO, ESTA OFICINA PUEDE SER CAPAZ DE PROPORCIONARLO CON INFORMACION ACERCA DE LAS AGENCIAS QUE PUEDEN OFRECER LOS SERVICIOS LEGALES A PERSONAS ELEGIBLES EN UN HONORARIO REDUCIDO NI NINGUN HONORARIO.

Lawyers Reference Service
Delaware County Bar Association
Front and Lemon Streets
Media, PA 19063
(610) 566-6625

Copying Prohibited

FILED 2016 JUL 12 AM 11:08

**AMENDED COMPLAINT IN MORTGAGE FORECLOSURE**

1. Plaintiff is Reverse Mortgage Solutions, Inc.

2. The Defendant is Erwin Miller, Executor of the Estate of Loretta Doyle, Deceased Mortgagor and Real Owner, and his last-known address is 11 University Mews, Philadelphia, Pennsylvania 19104.

3. On October 21, 2011, Loretta D. Doyle a/k/a Loretta Doyle made, executed and delivered a mortgage upon the premises hereinafter described to Mortgage Electronic Registration Systems, Inc., solely as nominee for Genworth Financial Home Equity Access, Inc., its successors and assigns, which mortgage is recorded in the Office of the Recorder of Delaware County in Mortgage Book 05013, Page 1701 ("the Mortgage"), such Mortgage being incorporated herein by reference pursuant to Rule 1019(g) Pa.R.C.P.

4. On May 31, 2013, the Mortgage was assigned by Mortgage Electronic Registration Systems, Inc., solely as nominee for Genworth Financial Home Equity Access, Inc., its successors and assigns, to Reverse Mortgage Solutions, Inc., by Assignment of Mortgage, recorded in the Office of the Recorder of Delaware County in Assignment of Mortgage Book 5351, page 254, such Assignment of Mortgage being incorporated herein by reference pursuant to Rule 1019(g) Pa. R. C. P..

5. On April 23,2012, Loretta D. Doyle a/k/a Loretta Doyle departed this life. Letters Testamentary were granted unto Erwin Miller, Executor of the Estate of Loretta D. Doyle a/k/a Loretta Doyle

6. The premises subject to said mortgage is described in the legal description attached as Exhibit "A" and is known as 319 West Rively Avenue, Alden, Pennsylvania 19018.

7. The mortgage is in default due to the death of Loretta D. Doyle a/k/a Loretta Doyle.

Copying Prohibited

8. The following amounts are due on the mortgage:

| | | |
|---|---|---|
| Principal Balance | $ | 117,366.95 |
| Interest through April 18, 2016 | $ | 292.87 |
| plus per month interest thereafter which may adjust in accordance with the terms of the note and mortgage | | |
| Mortgage Insurance Premiums (MIP) | $ | 72.35 |
| Property Inspection | $ | 940.00 |
| Hazard Insurance | $ | 1,928.00 |
| Taxes | $ | 8,646.34 |
| Corporate Advance | $ | 1,609.00 |
| GRAND TOTAL | $ | 130,855.51 |

plus additional interest and all other amounts authorized under the mortgage and applicable law that are reasonable and have been incurred, including but not limited to costs, loan advances and attorney's fees.

9. This is an in rem action only against the aforesaid mortgaged premises. Plaintiff is not seeking a judgment of personal liability against the Defendant, but reserves its right to do so in a separate legal action if such right exists. If the Defendant has received a discharge of personal liability in a bankruptcy proceeding, this action is in no way an attempt to re-establish such liability.

WHEREFORE, Plaintiff demands in rem Judgment against the Defendant in the sum of $130,855.51, plus per month interest thereafter which may adjust in accordance with the terms of the note and mortgage, and other costs and charges collectible under the mortgage and for the foreclosure and sale of the mortgaged property.

**McCABE, WEISBERG & CONWAY, P.C.**

BY: [signature]
Heidi R. Spivak, Esquire
Attorneys for Plaintiff

Copying Prohibited

**VERIFICATION**

Alicia Powers, hereby states that he/she is Foreclosure Specialist of Reverse Mortgage Solutions, Inc., Plaintiff in this matter, that he/she is authorized to make this Verification, and verify that the statements of fact made in the foregoing Civil Action in Mortgage Foreclosure are true and correct to the best of his/her knowledge, information and belief. The undersigned understands that this statement is made subject to the penalties of 18 Pa. C.S. Sec. 4904 relating to unsworn falsification to authorities.

Name: Alicia Powers

DATE: May 23, 2016

Title: Foreclosure Specialist

File #: 73421
Name: Reverse Mortgage Solutions, Inc. v. Erwin Miller, Executor of the Estate of Loretta Doyle, Deceased Mortgagor and Real Owner

Copying Prohibited

Order No. 2301-52108

**EXHIBIT "A"**
**LEGAL DESCRIPTION**

THE LAND DESCRIBED HEREIN IS SITUATED IN THE STATE OF PENNSYLVANIA, COUNTY OF DELAWARE, AND IS DESCRIBED AS FOLLOWS:

ALL THAT CERTAIN LOT OR PIECE OF GROUND WITH THE BUILDINGS AND IMPROVEMENTS THEREON ERECTED, SITUATE IN THE BOROUGH OF ALDAN, COUNTY OF DELAWARE AND STATE OF PENNSYLVANIA, BEGINNING AT A POINT ON THE NORTHWEST SIDE OF RIVELY AVENUE (50 FEET WIDE) AT THE DISTANCE OF 146.20 FEET SOUTHWESTWARD FROM THE SOUTHWEST SIDE OF ALBERT AVENUE (50 FEET WIDE); THENCE EXTENDING NORTH 24 DEG 55' WEST, ALONG THE SOUTHWEST SIDE OF A CERTAIN 10 FEET WIDE DRIVEWAY, 155.53 FEET TO A POINT; THENCE EXTENDING SOUTH 64 DEG 55' WEST, 52.61 FEET TO A POINT; THENCE EXTENDING SOUTH 25 DEG 8' 14" EAST, 155.45 FEET TO A POINT ON THE SAID NORTHWEST SIDE OF RIVELY AVENUE; THENCE EXTENDING NORTHEASTWARD ALONG THE SAID NORTHWEST SIDE OF RIVELY AVENUE, 52 FEET TO THE FIRST MENTIONED POINT AND PLACE OF BEGINNING; BOUNDED NORTHEASTWARD BY THE ABOVE-MENTIONED 10 FEET WIDE DRIVEWAY, SOUTHWESTWARD BY LAND NOW OR FORMERLY OF LOUIS LEER ET AL), NORTHWESTWARD BY LAND NOW OR FORMERLY OF WILLIAM LORENTZ AND WIFE, AND SOUTHEASTWARD BY RIVELY AVENUE AFORESAID, BEING KNOWN AS NO. 319 WEST RIVELY AVENUE.

PARCEL NUMBER(S): 01-00-01041-00

Copying Prohibited