# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERWIN MILLER, as Executor of the Estate of Loretta Doyle, | : CIVIL ACTION |
| Plaintiff, | : |
| v. | : No. 17-3063 |
| McCABE, WEISBERG & CONWAY, P.C., | : |
| Defendant. | : |

## MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                                              **MARCH 9, 2018**

Reverse Mortgage Solutions, Inc. filed a Complaint in Mortgage Foreclosure (the "Foreclosure Complaint") in the Pennsylvania Court of Common Pleas of Delaware County against Plaintiff Erwin Miller ("Miller"), as Executor of the Estate of Loretta Doyle ("Doyle"), in connection with a reverse mortgage that Doyle executed on her property prior to her death. The instant action concerns whether Defendant McCabe, Weisberg & Conway, P.C. (the "McCabe Firm") violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, and the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 Pa. Cons. Stat. §§ 201-1 *et seq.*, when it filed the Foreclosure Complaint on behalf of Reverse Mortgage Solutions. In essence, Miller asserts that the McCabe Firm made false, deceptive, and/or misleading representations because Reverse Mortgage Solutions was not entitled to foreclose on the property.

The parties have filed Cross-Motions for Summary Judgment, along with numerous briefs in support and opposition to the respective Motions. For the reasons noted below, the

McCabe Firm's Motion for Summary Judgment is granted, and Miller's Motion for Summary Judgment is denied.

## I. BACKGROUND

On October 21, 2011, Doyle entered into a reverse mortgage loan (the "Loan") that secured her property located at 319 West Rively Avenue, Aldan, Pennsylvania (the "Property"). Doyle passed away on April 23, 2012, and Miller was named executor of her Estate in July 2012. (Pl.'s Mem. Support Mot. Summ. J. 2.) According to Doyle's will, the Property was bequeathed to Deborah McCray ("McCray"), one of Doyle's caregivers. (Def.'s Mem. Support Mot. Summ. J. 2, Ex. A ("Miller Dep.") 23.) The Loan became due and payable upon Doyle's death. (Miller Dep., Ex. 4.) When neither the Estate nor McCray paid the balance, Reverse Mortgage Solutions retained the McCabe Firm to file a Complaint in Foreclosure in the Pennsylvania Court of Common Pleas of Delaware County. (Def.'s Mem. Support Mot. Summ. J. 3.)

The McCabe Firm filed the Foreclosure Complaint on July 17, 2013. (*Id.*, Ex. C.) Miller testified that he received a copy of the Foreclosure Complaint because he recalled that it incorrectly named him as "Edwin" instead of "Erwin" Miller. (Miller Dep. 15-16, 26-29.) When he noticed that his name was incorrect in the Foreclosure Complaint, Miller called the McCabe Firm to speak with the attorney who was handling the case to advise him or her of that fact, but he was unable to reach that individual. (*Id.*)

The McCabe Firm filed a "Motion to Amend Complaint" on June 1, 2015 to correct Miller's name. (Miller Dep. 29-30, Ex. 1.) The Motion to Amend contains a Certification of Service that indicates it was served at 11 University Mews, Philadelphia, Pennsylvania, which Miller testified was his home address at the time. (*Id.* 30-31.) Although he did not recall being served with the Amended Complaint at his house, he acknowledged that it seemed like he had

2

been served with it based on a letter dated June 1, 2015 from the Estate's lawyer, Milton Abowitz ("Abowitz"), to the McCabe Firm. (*Id.* at 32-33.) The letter from Abowitz provides that he "represents Erwin Miller, Executor of the Estate of Loretta Doyle, Deceased. My client has delivered your Amended Complaint in Foreclosure wherein he is named Defendant in his capacity as Executor." (*Id.*, Ex. 3.) The Amended Complaint in Foreclosure was ultimately filed on July 12, 2016. (Pl.'s Mem. Support Mot. Summ. J. 2.)

On July 10, 2017, Miller filed the instant FDCPA and UTPCPL action against the McCabe Firm and Reverse Mortgage Solutions on the basis that there were false, deceptive, or misleading misrepresentations in the foreclosure litigation because Reverse Mortgage Solutions did not have standing to foreclosure on the Property.[1] (*See generally* Compl.) Miller filed an Amended Complaint on July 14, 2017, in which he named only the McCabe Firm as a Defendant. (*See* Am. Compl.) Ironically, the Amended Complaint also corrected Miller's name from "Edwin" to "Erwin." (*Id.*) On January 10, 2018, the parties filed Cross-Motions for Summary Judgment. As it pertains to the FDCPA, the McCabe Firm's Motion focuses almost entirely on a statute of limitations defense, whereas Miller's Motion focuses on the merits of the case.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 56(a) states that summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court asks "whether the evidence presents a sufficient disagreement to require submission to the jury or whether . . . one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). The moving party has the initial burden of informing the court of the basis for the motion and

---

[1] The foreclosure litigation in state court is ongoing as of the date of this Opinion.

3

identifying those portions of the record that demonstrate the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "A fact is material if it could affect the outcome of the suit after applying the substantive law. Further, a dispute over a material fact must be 'genuine,' i.e., the evidence must be such 'that a reasonable jury could return a verdict in favor of the non-moving party.'" *Compton v. Nat'l League of Prof'l Baseball Clubs*, 995 F. Supp. 554, 561 n.14 (E.D. Pa. 1998) (quoting *Liberty Lobby*, 477 U.S. at 255).

Summary judgment must be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. Once the moving party has produced evidence in support of summary judgment, the non-moving party must go beyond the allegations set forth in its pleadings and counter with evidence that presents "specific facts showing that there is a genuine issue for trial." *See Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1362-63 (3d Cir. 1992). "More than a mere scintilla of evidence in its favor" must be presented by the non-moving party in order to overcome a summary judgment motion. *Tziatzios v. United States*, 164 F.R.D. 410, 411-12 (E.D. Pa. 1996). If the court determines that there are no genuine disputes of material fact, then summary judgment will be granted. *Celotex*, 477 U.S. at 322.

### III. DISCUSSION

#### A. The FDCPA Claim

"Congress enacted the FDCPA in 1977 'to eliminate abusive debt collection practices by debt collectors.'" *Kaymark v. Bank of Am., N.A.*, 783 F.3d 168, 174 (3d Cir. 2015) (quoting 15 U.S.C. § 1692(e)). Attorneys who regularly attempt to collect consumer debts are considered debt collectors under the FDCPA. *Glover v. F.D.I.C.*, 698 F.3d 139, 152 n.8 (citing *Heintz v.*

*Jenkins*, 514 U.S. 291, 292 (1995); *FTC v. Check Investors, Inc.*, 502 F.3d 159, 172 n.11 (3d Cir. 2007)).  Moreover, the United States Court of Appeals for the Third Circuit has extended the FDCPA to state court foreclosure complaints.  *Kaymark*, 783 F.3d at 177-78 (citing *Glover*, 698 F.3d at 152 n.8).

      Claims under the FDCPA must be brought "within one year from the date on which the violation occurs."  15 U.S.C. § 1692k(d).  When the FDCPA cause of action is based on the improper pursuit of debt collection litigation, the statute of limitations "begins to run at the filing or service of process of the 'underlying collection action.'"  *Rhodes v. US Bank Nat'l Ass'n*, 238 F. Supp. 3d 648, 650 (E.D. Pa. 2017) (citing *Schaffhauser v. Citibank (S.D.) N.A.*, 340 F. App'x 128, 130-31 (3d Cir. 2009)); *see also Rivas v. The Bank of N.Y. Mellon*, 676 F. App'x 926, 929-30 (11th Cir. 2017) ("This Court has not yet determined when the limitations clock begins to run where the act allegedly violating the FDCPA is a debt collection or foreclosure lawsuit.  But every other court to consider the question has determined that the clock begins to run on either the date the initial suit was filed or the day the FDCPA plaintiff became aware of the initial suit."); *Strader v. U.S. Bank Nat'l Ass'n*, No. 17-684, 2018 WL 741425, at *12 (W.D. Pa. Feb. 7, 2018) (stating that the statute of limitations based on alleged violations of the FDCPA in the context of a foreclosure action begins to run on the date in which the case was filed); *Abdus-Shahid v. Nationstar Mortg., LLC*, No. 17-2970, 2017 WL 4415656, at *2 (E.D. Pa. Oct. 2, 2017) ("The one-year statute of limitations begins to run as of the filing or service of process in the 'underlying collection action.'"); *Kohar v. Wells Fargo Bank, N.A.*, No. 15-1469, 2016 WL 1449580, at *3 (W.D. Pa. Apr. 13, 2016) (statute of limitations "commences upon the invocation of the underlying foreclosure litigation").

Miller's FDCPA claim is time-barred. The McCabe Firm filed the original Foreclosure Complaint on July 17, 2013. (Def.'s Mem. Support Mot. Summ. J., Ex. C.) Miller testified at his deposition that he received the Complaint and contacted the McCabe Firm "right after the original Complaint in Foreclosure was filed" because he noticed his name was incorrect. (Miller Dep. 15, 28-29.) Once the McCabe Firm realized Miller's name was incorrect, it undertook actions to rectify the mistake. The record shows that Abowitz sent a letter dated June 1, 2015 to the McCabe Firm, stating, "[m]y client has delivered your Amended Complaint in Foreclosure wherein he is named Defendant in his capacity as Executor." (Miller Dep., Ex. 3.) Miller's federal lawsuit premised on the FDCPA and UTPCPL was filed on July 10, 2017. Even liberally construing the date in which Miller received the initial Foreclosure Complaint or the subsequent filings, his federal lawsuit under the FDCPA is untimely. Accordingly, the McCabe Firm is entitled to summary judgment on the FDCPA claim.

### B. The UTPCPL Claim

Having dismissed Miller's FDCPA cause of action as untimely, the only remaining claim in this case is under the Pennsylvania UTPCPL, which we decline to exercise supplemental jurisdiction over pursuant to 28 U.S.C. § 1367(c)(3). *See De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 309 (3d Cir. 2003) (quoting 28 U.S.C. § 1367(c)(3)). Accordingly, Miller's UTPCPL claim is dismissed without prejudice.

## IV. CONCLUSION

For the reasons stated above, Miller's FDCPA claim is dismissed with prejudice as time-barred. We further decline to exercise jurisdiction over his remaining state law claim pursuant to 28 U.S.C. § 1367(c)(3).

An appropriate Order follows.